**James R. SANDERS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 89–84.

United States Court of Veterans Appeals.

Submitted Sept. 13, 1990.

Decided Nov. 30, 1990.

As Amended Dec. 5, 1990.

C. Craig Fitzhugh, Ripley, Tenn., for appellant.

Raoul L. Carroll, Gen. Counsel, and Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, Washington, D.C., were on the brief for appellee.

Before KRAMER, HOLDAWAY and STEINBERG, Associate Judges.

HOLDAWAY, Associate Judge:

The appellant, James R. Sanders, appeals the portion of the Board of Veterans' Appeals (BVA) decision which denied him entitlement to service connection for chronic interstitial cystitis. The law provides benefits to veterans for injuries which arise in or become aggravated by active service. 38 U.S.C. § 331 (1988). Upon review, the BVA found inadequate evidence to support service connection for the veteran's chronic interstitial cystitis.

The veteran asks this Court to reverse the decision of the BVA on the ground that the decision was arbitrary, capricious, and clearly erroneous, with no basis in fact, under 38 U.S.C. § 4061(a)(3)(A), (a)(4) (1988). On the contrary, this Court finds more than a sufficient factual basis for the BVA decision.

James R. Sanders served in the U.S. Navy Seabees for a period of roughly eleven years. He enlisted in March 1962, and was discharged in 1973. His enlistment exam, dated March 13, 1962, notes "cystitis, chronic" with a history of hematuria, dysuria and frequency for the year prior to enlistment. R. at 1. He apparently reported at that time that the symptoms which he complained about upon enlistment had been persistent for two weeks and that he had the same symptomatology at the age of twelve. Upon enlistment, he was treated for these conditions and returned to duty.

The veteran first filed a claim for benefits with the Veterans' Administration (VA) (now the Department of Veterans Affairs) on October 12, 1982, for high frequency hearing loss and cystitis/acute prostatitis which Sanders asserts had its onset during his military service. The claim for cystitis was denied in February 1983. Sanders subsequently reopened his claim on several occasions. In September 1988, he filed another claim for service connection. Notwithstanding a substantial question of whether "new and material evidence" had been produced by the claimant sufficient to reopen his claim, the BVA nonetheless heard the appeal on the merits that is now under consideration by this Court. *See* 38 U.S.C. §§ 3008, 4004(b) (1988); 38 C.F.R. § 19.194(b) (1989). The Court has jurisdiction to hear this appeal pursuant to 38 U.S.C. § 4052 (1988).

The BVA found that the interstitial cystitis was not incurred in or aggravated by service. The BVA concluded that the cystitis and prostatitis had existed prior to his entrance on active duty as shown by his entrance exam. The BVA also found that the veteran's cystitis and prostatitis symptoms were not reflected in his medical records, including his discharge exam, after the treatment he received early in his service; that his early difficulties were relieved with treatment; and that his cystitis/prostatitis condition was resolved without residuals upon discharge—that is, was not aggravated by service.

Sanders argues that the BVA's decision was not supported by the evidence in the record. The evidence upon which Sanders relies is a letter dated January 12, 1988, from his physician stating that the interstitial cystitis "may possibly have started" in March of 1962, the time of his enlistment. Sanders has also produced a substantial

medical history of a chronic interstitial cystitis since 1982. The physician's letter and lay testimony from Sanders' wife, however, are apparently the only evidence mustered in an attempt to prove that the cystitis arose during service and not prior to his enlistment. Whether the cystitis had its onset prior to or during service or was aggravated by service are questions of fact. These fact findings, which were dispositive in this case, were resolved against the appellant. This Court may set aside findings of fact only if "clearly erroneous." 38 U.S.C. § 4061(a)(4) (1988).

This Court finds no basis to conclude that the BVA erred in its decision to deny service connection for interstitial cystitis on the basis that it did not have its onset during the appellant's military service. There is in fact strong evidence to the contrary. There is manifestly a plausible factual basis in the record for the BVA's decision. *See Gilbert v. Derwinski,* 1 Vet. App. 49 (1990). We therefore affirm.