**Teodoro ACEVEDO–ESCOBAR, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 97–1041.**

United States Court of Veterans Appeals.

Oct. 30, 1998.

Teodoro Acevedo–Escobar, pro se.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Michael R. Smalls, Washington, DC, were on the pleading, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Judges.

HOLDAWAY, Judge:

The appellant, Teodoro Acevedo–Escobar, appeals a March 1997 decision of the Board of Veterans' Appeals (BVA or Board) which denied an increased rating for service-connected hearing loss in the left ear. The Court has jurisdiction of this case under 38 U.S.C. § 7252(a). For the following reasons, the Court will vacate the decision of the Board and remand the matter for readjudication consistent with this opinion.

## I. Facts

The appellant served in the U.S. Army from May 1944 to April 1946, and from August 1950 to June 1955. His service medical records show that in 1945, the appellant was diagnosed with "[d]eafness, conductive, left, slight, cause undetermined, hearing 20/20 spoken voice."

In December 1979, the appellant filed a claim for compensation for, inter alia, left ear deafness. In May 1980, VA conducted an audiological examination which found average puretone thresholds of 20 decibels in the right ear and 33 decibels in the left ear. The examination also showed that the appellant tested for speech recognition at 92% for the

right ear and 90% for the left ear. A VA regional office (VARO) granted service connection for left-ear hearing loss in June 1980, but assigned a noncompensable rating.

In October 1992, the appellant requested an increased rating for his hearing loss, asserting that his condition had become worse, but the VARO confirmed the noncompensable rating. Subsequently, the appellant filed an appeal to the Board in June 1994. Later that month, VA provided another audiological examination, performed by Dr. Robert Gillespie, who found average puretone thresholds of 67 in the left ear and 66 in the right ear. Dr. Gillespie found that language difficulties made use of word recognition scores inappropriate and thus did not perform that test. After reviewing all of this evidence, the Board found that the appellant's disability warranted a noncompensable rating.

## II. Analysis

■ The Board's decision regarding the degree of disability under the appropriate rating schedule is a finding of fact subject to the "clearly erroneous" standard of review. *Johnston v. Brown,* 10 Vet.App. 80, 84 (1997). The Court may not reject the Board's conclusion if it is supported by a plausible basis in the record. *Sanders v. Derwinski,* 1 Vet. App. 88, 90 (1990). The Court may not substitute its own judgment for a factual determination made by the Board, even if it might not have reached the same factual determination. *Gilbert v. Derwinski,* 1 Vet. App. 49, 53 (1990).

■ Hearing loss is assigned a disability rating based on average puretone decibel loss and percent of speech discrimination. 38 C.F.R. § 4.87, Table VI (1997). The veteran's audiological examination provides these scores. The Board must merely apply the numbers provided by the examiner into Table VI to calculate the numeric designation of hearing loss for each ear. *See id.* Once the numeric designation for each ear have been determined, the Board applies those numbers into Table VII to calculate the disability rating for hearing loss. *See id.* However, if the veteran is service connected for only one ear, but not the other, then the non-service-connected ear is treated as if the veteran's hearing in the non-service-connected ear is perfect when calculating the disability rating for hearing loss.

As noted above, hearing loss is rated on the basis of average puretone decibel loss and percent of speech discrimination. If the veteran does not understand English to a sufficient degree, obviously the examiner cannot accurately calculate the percent of speech discrimination. For those veterans, the regulation provides a separate table which only takes into account average puretone decibel loss. *See id.* Table VIa. This table can only be used "when the Chief of the Audiology Clinic certifies that language difficulties or inconsistent speech audiometry scores make the use of both puretone average and speech discrimination inappropriate." 38 C.F.R. § 4.87.

In this case, the examiner determined that the speech discrimination test would be inappropriate due to the appellant's language difficulties. Thus, the examiner provided only average puretone decibel loss. The record does not indicate whether the examiner in this case was the chief of the audiology clinic or not. Under the regulation, only the chief of the audiology clinic may make the determination that the speech discrimination test is inappropriate. *See id.* The Board noted and the Secretary so argues that this error would not be prejudicial to the appellant because under no circumstance would the appellant be entitled to a compensable rating.

The Board's analysis is incorrect. The appellant has lost an average of 67 puretone decibels in his left ear. The clear mathematical application of rating tables VI and VII indicates that if his percent of speech discrimination were 34% or lower, the appellant would be entitled to a 10% disability rating. Therefore, the Court holds that a remand is required to determine whether or not the examiner, Dr. Gillespie, was the chief of the audiology clinic at the time the examination was provided in July 1994. If it is determined that Dr. Gillespie was the chief of the audiology clinic, then the Board's decision was correct and stands affirmed. If Dr. Gillespie was not the chief, then the Board's decision is vacated and the appellant's claim for an increased disability rating for hearing

loss must be readjudicated consistently with this opinion.

### III. Conclusion

The matter is REMANDED for adjudication consistent with this opinion.